Bryan King Sheldon (Bar No. 116219)
George Busu (Bar No. 235993)
Julie Kwun (Bar No. 243838)
**LIM RUGER & KIM, LLP**
1055 West Seventh Street, Suite 2800
Los Angeles, California 90017
Telephone: (213) 955-9500
email: bryan.sheldon@limruger.com
　　　　george.busu@limruger.com
　　　　julie.kwun@limruger.com

Attorneys for plaintiffs KBS America, Inc. & Mun Hwa Broadcasting Corporation

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KBS AMERICA, INC., a California corporation; MUN HWA BROADCASTING CORPORATION, a South Korean corporation, <br><br> Plaintiffs, <br><br> v. <br><br> MYTV, INC, a New Jersey corporation; YONG KYEONG JI, an individual, YOON BOK LEEPARK, an individual doing business as J&S MY-TVS; NETWORK SOLUTIONS, LLC, a Virginia limited liability company; and DOES 1 to 10, inclusive, <br><br> Defendants. | Case No. CV08-7753 JFW (JCx) <br><br> [PROPOSED] **FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

1

[PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to the Court's November 2, 2009 Order, Plaintiffs KBS America, Inc. and Mun Hwa Broadcasting Corporation hereby submit the following proposed findings of fact and conclusions of law:

### Findings of Fact

1. A permanent injunction was entered in this matter as a result of the Court's entry of judgment against defendant MyTV, Inc. on June 1, 2009 and against defendants Yong Kyeong Ji and Yoon Bok Leepark on June 23, 2009.

2. The permanent injunction enjoined defendants MyTV, Inc. and Yong Kyeong Ji, Yoon Bok Leepark, and all of (their) agents, servants, and employees, and those persons in active concert, or participation or privity with any of them who receive actual notice by personal service or otherwise, from:

   a. Transmitting, displaying publicly, performing publicly, copying, and/or preparing derivatives of Plaintiffs' proprietary audiovisual works, whether they currently exist or will be created in the future, including but not limited to any programming broadcast by Korean Broadcasting System or Mun Hwa Broadcasting Corporation; and

   b. Selling or offering to sell any system, device, technology or service which deliver any of Plaintiffs' proprietary audiovisual works to their end-users, whether such works currently exist or will be created in the future, including but not limited to any programming content broadcast by Korean Broadcasting System or Mun Hwa Broadcasting Corporation. Nothing in this paragraph shall prohibit Defendants from selling existing "set-top boxes" provided that purchasers of such "set-top boxes" provide that purchasers of such "set-top boxes" are unable to receive either Korean Broadcasting System or Mun Hwa Broadcasting Corporation.

3. Respondent Douglas Hong is the husband of Defendant and enjoined party Yoon Bok Leepark.

4. Douglas Hong operated the business known as J&S My TV's in conjunction with his wife, Yoon Bok Leepark.

5. Douglas Hong had knowledge of the permanent injunction entered by the court in this action.

6. Douglas Hong considered defendant Yong Kyeong Ji to be his "boss" and considered MYTV, Inc. in New Jersey to be the "headquarters" of the MyTV business.

7. The "MyTV System" consists of a specialized set-top box and subscription to special internet content which allows the owner of an active set top box, which is connected to the internet and to a television set, to view the content offered by defendants's subscription service on their television set. The content of defendants' subscription service includes real time re-broadcast of the network broadcasts of Korea Broadcasting System and Mun Hwa Broadcasting Corporation as broadcast by those networks in Seoul, Korea (the "KBS and MBC Content")

8. Prior to entry of the temporary restraining order, preliminary and permanent injunctions, the enjoined defendants operated and sold the MyTV System in the United States, including within the Central District of California.

9. After entry and service of the Court's permanent injunction, defendants MyTV, Inc. and Yong Kyeong Ji, continued to operate the MyTV System and continued to intercept the broadcast stream of Plaintiff Korean Broadcasting System and Mun Hwa Broadcasting Corporation in Korea and to make that content available, in real time, to subscribers of the MyTV system whom possessed an active MyTV set-top box.

10. Persons possessing an active MyTV set-top box and subscription could view the KBS and MBC Content from anywhere in the world with an internet connection.

11. After entry and service of the permanent injunction, MyTV, Inc., Yong Kyeong Ji, Yoon Bok Leepark and Douglas Hong continued to offer for sale and to sell the MyTV system to customers in the United States who provided an address outside the United States.

12. Purchasers of the MYTV System who provided Defendants an address outside the United States would be able to view the KBS and MBC Content for a minimum of 30 days while Defendants purportedly verified the address given.

13. Purchasers of the MYTV System who gave a valid address outside the United States would be able to watch the KBS and MBC Content without interruption, regardless of whether they viewed the content in the United States.

14. On July 2, 2009, after issuance of the permanent injunction, defendants MyTV, Inc. and Yong Kyeong Ji and respondent Douglas Hong sold a MyTV subscription and set-top box that allowed the retransmission of the KBS and MBC Content to the end-user.

15. MyTV, Inc., Yong Kyeong Ji and Douglas Hong have, in their possession, custody and control, a quantity of the set-top boxes which allow and facilitate use of the MyTV System.

16. MyTV, Inc., Yong Kyeong Ji and Douglas Hong have, in their possession, custody and control, records showing the names, addresses and telephone numbers of individuals to whom the MyTV System was sold after issuance of the temporary restraining order in this action.

///

///

///

## Conclusions of Law

1. MyTV, Inc., a New Jersey corporation and Yong Kyeong Ji, an individual, were either served with or had actual knowledge of the issuance of the permanent injunction.

2. Douglas Hong is an agent, servant, employee or person in active concert, or participation or privity with MyTV, and Yong Kyeong Ji and/or Yoon Bok Leepark and who received actual notice of the permanent injunction by personal service or otherwise.

3. Plaintiffs have demonstrated, by clear and convincing evidence, that MyTV, Inc., a New Jersey corporation; Yong Kyeong Ji, an individual; and Douglas Hong, an individual, are in civil contempt for violating the permanent injunction. *See United States v. Ayres*, 166 F.3d 991, 994 (9th Cir. 1999).

4. Plaintiffs have not demonstrated, by clear and convincing evidence, that Yoon Bok Leepark, an individual doing business as J&S MYTVs, is in civil contempt for violating the permanent injunction.

Dated: December 29, 2009

/s/
John F. Walter
United States District Judge

Submitted by

Bryan King Sheldon
Attorneys for Plaintiffs KBS America, Inc. and
Mun Hwa Broadcasting Corporation

Approved as to form:

Chan Yong Jeong
Attorneys for Defendants MyTV, Inc., Yong Kyeong Ji,
and Yoon Bok Leepark, and Respondent Douglas Hong

5
[PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW